# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

KATIE RAY
        PLAINTIFF,

v.                               CIVIL ACTION NO.:

SUCO HEALTH & WELLNESS
INC., D/B/A THE SHARK GYM
        DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Katie Ray, (hereinafter referred to as the "Plaintiff" or "Ray"), by and through her undersigned attorney, sues the defendant, SUCO Health & Wellness Inc., d/b/a The Shark Gym (hereinafter referred to as the "Defendant" or "Shark Gym"), and alleges as follows:

### *INTRODUCTION*

1. Plaintiff brings this action pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.,S.C. 2000e, et seq., the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

### *JURISDICTION AND VENUE*

2. This is an action to remedy discrimination on the basis of sexual harassment, gender discrimination, hostile work environment and for retaliation for

engaging in a protective activity in the terms, conditions, and privileges of Plaintiff's employment in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. , and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

3.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

4.    Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

5.    Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

6.    This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

7.    Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of

2

1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations (FCHR No.: 202024414) and the United States Equal Employment Opportunity Commission (EEOC No.: 15D202000752) on March 17, 2020. On September 17, 2020, more than 180 days since Plaintiff's charge was filed, the FCHR was unable to conciliate or make a determination pursuant to Fla. Stat. § 760.11(3). Pursuant to Fla. Stat. § 760.11(4) and (8), Plaintiff now bring this suit. Plaintiff further requested her 90 day Notice of Right to Sue letter from the EEOC which was received on November 25, 2020.

## *PARTIES*

8.     Plaintiff is a Caucasian female and a citizen of the State of Florida, Escambia County and who resides in Pensacola, Florida.  She was employed by the Defendant from January 2019, until her unlawful termination on February 29, 2020.

9.     Defendant, Shark Gym, is a for profit Florida corporation that is licensed and to do and does business in Navarre Florida. Defendant operates a fitness gym and personal training business. Defendant is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., as it employees in excess of fifteen (15) employees,

3

and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employees in excess of ten (10) employees.

### *FACTS*

10.     Plaintiff is a 33 year old Caucasian female.

11.     Plaintiff was employed by SUCO Health & Wellness Inc. ("**SUCO**") in Navarre, Florida as a front desk receptionist from January 2019, until her unlawful termination on February 29, 2020.

12.     During Plaintiff's employment with Defendant, she performed her duties and responsibilities in a satisfactory manner.

13.     Defendant is a physical fitness gym.

14.     During Plaintiff's employment with Defendant, she was sexually harassed by a gym member named Jason Newman (**Newman**).

15.     On numerous occasions, Mr. Newman would walk up behind Plaintiff hugging and pulling on her.

16.     Every time this would occur Plaintiff would explicitly tell Mr. Newman that touching her was harassing and not wanted.

17.     Plaintiff reported each incident to the company owners Cozmo and Suzy DiGiano.

18.    Mr. Newman is a personal friend of Cozmo and Suzy DiGiano, so Mr. Newman's actions were not addressed nor was any action taken to stop his harassment of Plaintiff.

19.    When Plaintiff stopped or avoided Mr. Newman's advances, he would become aggravated and would yell at her.

20.    On the morning of October 14th, 2019, Mr. Newman followed Plaintiff as she walked around the gym performing her daily duties.

21.    As Plaintiff was walking back to the front desk, Mr. Newman swung his hand at her in an attempt to slap and grab her butt.

22.    Plaintiff tried to move out of the way and by doing so caused Mr. Newman to miss her butt and strike her right side.

23.    This strike caused Plaintiff extreme pain to her back and right hip.

24.    Mr. Newman's assault of Plaintiff caused severe swelling and bruising to her right side and hip.

25.    Plaintiff reported this assault to Suzy and Cozmo and again nothing was done.

26.    Defendant's failure to stop Mr. Newman's continued harassment of me resulted in the onset of extreme mental and emotional harm causing PTSD.

27.    Plaintiff continually reported Mr. Newman's actions to the owners, Suzy and Cozmo, explaining that the harassment was causing her significant

anxiety and PTSD, still but no action was taken by Defendant to stop Mr. Newman's actions.

28.    After no attempts to halt Mr. Newman's actions were taken by Defendant, Plaintiff reported Mr. Newman's assault on her to the Santa Rosa County Sheriff's Office (**SRCSO**).

29.    After Plaintiff's report of Mr. Newman's assault to the SRCSO Defendant's treatment of her began to change, yet Defendant still did not address Mr. Newman's harassment of Plaintiff.

30.    Defendant had knowledge Plaintiff is a qualified individual with a disability:

> (a) he has a physical impairment that substantially limits one or more major life activities: he suffers from a lack of mobility.
>
> (b) Plaintiff is under doctor's care for treatment of his physical disabilities.
>
> (c) he has a record of such impairment; and,
>
> (d) he was regarded by his employer as having impairments.

31.    Plaintiff's disabilities substantially affect the major life activities of mobility.

32.    Plaintiff had the ability to perform the essential functions of her position with or without a reasonable accommodation and did so in a satisfactory

manner.

33.    Defendant has had knowledge of Plaintiff's anxiety and her continued treatment to aide in her recovery.

34.    Plaintiff request time off and an adjusted work schedule, so not to be around Mr. Newman, to assist her in coping her anxiety. This requested accommodation was not unreasonable and should have been granted by Defendant.

35.    Over the next several months, Defendant continued to allow Mr. Newman to harass Plaintiff. By way of example, on January 20, 2020, Plaintiff was training a coworker when all of a sudden, a man comes at them full speed wearing a hood over his head, he screams and jumps at the two of them. It was Mr. Newman.

36.    Mr. Newman continued to harass Plaintiff and her female co-workers. He would go behind the front desk when he came into the gym and make moaning sexually explicit sounds to Plaintiff and her co-workers.

37.    Mr. Newman would then say to Plaintiff that he better stop talking like that or she would report him and tell on him to Suzy and Cosmo, all while Suzy was directly observing the whole incident.

38.    Defendant knowingly allowed Mr. Newman to openly mock Plaintiff for reporting his sexual harassment of her in the workplace.

39.    Defendant's failure to protect Plaintiff from the hostile work environment caused Plaintiff to have several panic attacks and anxiety problems.

40.    After months of being subjected to a hostile work environment, embarrassed, alienated and chastised by Defendant, Mr. Newman and now her coworkers, and being made to look like she was the problem for reporting this repulsive behavior, Defendant finally suspended Mr. Newman's membership for two whole days.

41.    During the suspension, Mr. Newman said he was is just laying low for things to cool off at the gym, but that he does what he wants and when he wants, and that he is crazy and Plaintiff shouldn't open her fat mouth and complain to Suzy and Cozmo about him anymore.

42.    Mr. Newman further commented about Plaintiff's job saying she should find a real job and that her reporting of his sexual harassment incidents is causing problems between his personal friendship with the gym owners, Suzy and Cozmo.

43.    On Saturday, February 29th, 2020, Plaintiff received a phone call from Suzy and Cozmo terminating her employment with SUCO.

44.    The reasons given for Plaintiff's termination, leaving early, was a pretext for Defendant's failure to remedy the sexual harassment of Plaintiff by Mr. Newman and was in retaliation for her reporting the sexual harassment and

discrimination against her because of her gender.

### FIRST CAUSE OF ACTION
*(Title VII - Gender Discrimination)*

45.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this complaint with the same force and effect as if set forth herein.

46.     Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

47.     Plaintiff is a Caucasian female.

48.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

49.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

50.     No male employees were the subject of harassment at Defendant's gym.

51.     The harassment Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a regular basis while employed by Defendant.

52.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

53.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

54.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
### *(Title VII - Retaliation)*

55.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this complaint with the same force and effect as if set forth herein.

56.     Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

57.     Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

58.Plaintiff is a Caucasian female.

59.    Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

60.    During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

61.    No male employees were the subject of harassment at Defendant's gym.

62.    The harassment  endured by the Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a regular basis while employed by Defendant.

63.    Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

64.    Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

65.    Plaintiff is now suffering and will continue to suffer irreparable injury

and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Florida Civil Rights Act - Gender Discrimination)*

66.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 of this complaint with the same force and effect as if set forth herein.

67.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Florida Civil Rights Act.

68.    Plaintiff is a Caucasian female.

69.    Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

70.    During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

71.    No male employees were the subject of harassment at Defendant's gym.

72.    The harassment Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a

regular basis while employed by Defendant.

73.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

74.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

75.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *FOURTH CAUSE OF ACTION*
### *(Florida Civil Rights Act - Retaliation)*

76.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 of this complaint with the same force and effect as if set forth herein.

77.     Defendant has retaliated against Plaintiff for availing herself of the protections afforded her pursuant to the Florida Civil Rights Act.

78.     Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

79. Plaintiff is a Caucasian female.

80.    Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

81.    During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

82.    No male employees were the subject of harassment at Defendant's gym.

83.    The harassment endured by the Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a regular basis while employed by Defendant.

84.    Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

85.    Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

86.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### FIFTH CAUSE OF ACTION
*(Title VII Sexual Harassment)*

87.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this complaint with the same force and effect as if set forth herein.

88.     Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Title VII of the Civil Rights Act of 1964.

89. Plaintiff is a Caucasian female.

90.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

91.     During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

92.     No male employees were the subject of harassment at Defendant's gym.

15

93.     The harassment endured by the Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a regular basis while employed by Defendant.

94.     Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

95.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

96.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

<u>*SIXTH CAUSE OF ACTION*</u>
*(Florida Civil Rights Act- Sexual Harassment)*

97.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 of this complaint with the same force and effect as if set forth herein.

98.     Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Florida Civil Rights Act.

99. Plaintiff is a Caucasian female.

100.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

101.   During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

102.   No male employees were the subject of harassment at Defendant's gym.

103.   The harassment endured by the Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a regular basis while employed by Defendant.

104.   Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

105.   Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

106.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### *SEVENTH CAUSE OF ACTION*
*(Title VII - Hostile Work Environment)*

107.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 of this complaint with the same force and effect as if set forth herein.

108.   Plaintiff was the subject of workplace harassment through continued and ongoing adverse working conditions and treatment by Defendant which created a hostile working environment in violation of Title VII of the Civil Rights Act of 1964.

109.   Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

110.     Plaintiff is a Caucasian female.

111.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

112.   During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

113.   No male employees were the subject of harassment at Defendant's gym.

114.   The harassment endured by the Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a regular basis while employed by Defendant.

115.   Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

116.   Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

117.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### *EIGHTH CAUSE OF ACTION*
*(FLORIDA CIVIL RIGHTS ACT - HOSTILE WORK ENVIRONMENT)*

118.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 of this complaint with the same force and effect as if set forth herein.

119.   Plaintiff was the subject of workplace harassment through continued and ongoing adverse working conditions and treatment by Defendant which created a hostile working environment in violation of Florida Civil Rights Act.

120.   Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

121.   Plaintiff is a Caucasian female.

122.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Mr. Newman.

123.   During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances, and physically assaulted by Mr. Newman.

124.   No male employees were the subject of harassment at Defendant's gym.

125.   The harassment endured by the Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted by Mr. Newman and sexually harassed on a regular basis while employed by Defendant.

126.   Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and PTSD each time Mr. Newman came into the gym. Defendant's failure to act on Mr. Newman's actions further resulted in tension and hostility towards Plaintiff from Defendant's other staff members.

127.   Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in her having anxiety and PTSD and further lead to her termination.

128.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### NINTH CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

129.   Plaintiff restates and re-avers the allegations contained within Paragraphs 1- 44 of the Complaint, as if fully set forth herein.

130.   This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

131.   At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

132.   At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

133.   Most recently, Plaintiff was employed as a Phlebotomist and she was qualified for the position.

134.   During her employment, Plaintiff reported and objected to Defendant's owners and the Santa Rosa County Sheriff's Office ("SRCSO") the sexual harassment and assault and battery by Mr. Newman and Defendant's continuing to allow Mr. Newman to be a member and harass Plaintiff thus creating an unsafe workplace by exposing Plaintiff to an individual that previously physically assaulted her.

135.   After Plaintiff's reporting's and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, Defendant's owners summarily terminated Plaintiff's employment.

136.   There was no substantive or reasonable business justification for the termination of Plaintiff's employment, she had not been previously warned of a deficient job performance.

137.   Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated

pertinent regulatory laws, rules and regulations, namely OSHA's general duty clause 29 U.S.C. § 654, for workplace safety.

138.   Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated with a couple months of her initial reporting of Mr. Newman's physical assault and sexual harassment and after her continued objections to the Defendant regarding the multiple acts of sexual and other harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

139.   There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

140. The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

141.   As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

142.   As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

143.   Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

144.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

### TENTH CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

145.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this complaint with the same force and effect as if set forth herein.

146.   This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act,

(ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

147.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

148.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

149.    Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

150.    The adverse personnel action, the termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

151.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from Defendant's employment.

152.     As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

153.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

154.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## ELEVENTH CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

155.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this complaint with the same force and effect as if set

forth herein.

156.    This is an action to remedy retaliation on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

157.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

158.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

159.    Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

160.    The adverse personnel action, the termination of Plaintiff's employment,   clearly violated Plaintiff's right under the Americans with

Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

161.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

162.    As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

163.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

164.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## TWELFTH CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

165.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this complaint with the same force and effect as if set forth herein.

166.     Defendant discriminated against Plaintiff on the basis of her disability, perceived or otherwise, in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

167.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

168.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

169.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

29

170.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

171.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

172.     As a result of Defendant's wrongful and unlawful discriminatory acts against Plaintiff that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

173.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

174.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## THIRTEENTH CAUSE OF ACTION
### *(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

175.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 44 of this complaint with the same force and effect as if set forth herein.

176.     This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

177.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

178.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

179.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for

Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

180.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

181.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

182.     As a result of the Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

183.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

*184.*     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

<u>*PRAYER FOR RELIEF*</u>

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)     Declaring the acts and practices complained of herein are violation of the Title VII, ADA, the Florida Civil Rights Act (FCRA) and the Florida Private Sector Whistleblower Act;

b)     Enjoining and permanently restraining those violations of the Title VII, ADA, the Florida Civil Rights Act (FCRA) and the Florida Private Sector Whistleblower Act;

c)     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)     Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole

for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: February 17, 2021.        By: */s/ Clayton M. Connors*
                                 CLAYTON M. CONNORS
                                 Florida Bar No.: 0095553
                                 Email: cmc@westconlaw.com
                                 **THE LAW OFFICES OF**
                                 **CLAYTON M. CONNORS, PLLC.**
                                 4400 Bayou Blvd., Suite 32A
                                 Pensacola, Florida 32503
                                 Tel:  (850) 473-0401
                                 Fax: (850) 473-1388

                                 Attorney for the Plaintiff